## Commonwealth v. Aiello

*Jacob C. Kalish,* Assistant District Attorney, for Commonwealth.

*Herman I. Pollock,* for defendant.

EVANS, P. J., March 6, 1957.—Defendant, Frank S. Aiello, seeks a new trial in a case tried by the court without a jury. He claims error on the part of the trial judge in refusing a request for severance of his trial from that of defendant, Albert Gabrile.

Gabrile was charged with selling of pools, lottery and gambling. He was found guilty and has filed no exceptions. Aiello was found guilty of assault and battery in resisting arrest and also of engaging in lottery.

The facts, concerning which there is little dispute, are as follows: On information received that defendant Gabrile was engaged in the lottery business at 7134 Van Dyke Street, Philadelphia, four police officers armed with search and seizure warrants went to the premises at about 1:30 p.m. on September 1, 1953. Some of the officers went to the front of the building, and one entered the side door. Defendant Gabrile was talking on the telephone and writing on a slip of paper. The officer confiscated the slip of paper, which contained two horse race bets on entries running that day and also 19 baseball bets. Under a rug in the immediate vicinity was found a paper containing 42 lottery bets marked the day the officers entered the premises. The officer also answered a telephone call of an unidentified man asking for "Al", and the officer accepted two bets on no. 414. Defendant Gabrile admitted accepting bets for a couple of days and banking these bets himself. At about this time defendant Aiello drove up to the building, the barber shop part in front being closed, and blew short blasts on his horn. He had stopped forward motion, but the engine remaining running.

Another officer, who for some reason had suspected Aiello of engaging in the lottery business, approached, whereupon defendant Aiello put his car in gear and attempted to get away. The officer inside was attracted to what was going on by a roar of the motor. The officer outside attempted to stop and interview Aiello, but in order to save himself from harm was required to jump on the front end of the car and there he was

able to hold on by grabbing the windshield wiper. Defendant Aiello then zigzagged his car down the street for a distance variously estimated from 250 to 500 feet, when he was stopped, arrested and taken back to the barber shop. A cursory examination of the automobile was at that time made, but later, because a large crowd was gathering, an officer drove the car to another location, where he made a complete and thorough search, finding that the right front hub cap contained slips of paper on which were registered 420 lottery bets.

In our opinion there was sufficient association shown in the activities of both defendants to justify their trial together. The officer testified, and it is a known fact, that numbers operators usually work together. There are headquarters and pick-up men as well as salesmen. If this man were found in the building or running away from the building with numbers slips in his possession, there seems to be no doubt that there would have been shown sufficient concert of action to warrant joint trial.

The barber shop itself being locked and defendant Gabrile being in one of the back rooms, the stopping of defendant's car in front of the building with the engine running and he blowing his horn very apparently to attract attention of whoever might be inside, is sufficient to permit the conclusion that both defendants were operating together. This conclusion would not have been justified were this defendant apprehended some distance away and under different circumstances. Here, however, he also attempted to get away, and flight is further evidence of guilt.

The charge of assault and battery arising at the time of apparent flight and the testimony as to both offenses charged against defendant being interrelated, it was likewise properly heard by the trial judge at the same time.

And now, to wit, March 6, 1957, the motion for new trial by defendant, Frank S. Aiello, is refused, and he is directed to appear forthwith to comply with the sentence imposed.